IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 26 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| DANIEL NEAL,<br>TDCJ No. 01624027,<br><br>    Plaintiff,<br><br>v.<br><br>APRIL DEMARONEY, *et al.*,<br><br>    Defendants | 2:20-CV-108-Z-BR |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Daniel Neal's ("Plaintiff") Complaint pursuant to Title 42, United States Code, Section 1983 against the above-referenced defendants. ECF No. 2. Plaintiff is acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is **DISMISSED**.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

### PLAINTIFF'S CLAIMS

First, the Court notes that Plaintiff has requested leave to amend in the event that the Court finds Plaintiff's pleadings are insufficient after submission of his Briefing Order Questionnaire (ECF No. 23). However, the Briefing Order Questionnaire *was* Plaintiff's opportunity to incorporate *all* of his amended claims. Regardless, further amendment would be futile.

Plaintiff argues that he received a disciplinary case in retaliation for filing a Prison Rape Elimination Act ("PREA") investigation against two contracted jail health care providers, in violation of his First Amendment right to seek redress with the Texas Department of Criminal Justice ("TDCJ") through administrative means. ECF 22 at 5–21. By his Response to the Briefing Order Questionnaire and supplementary submissions, it is evident that Plaintiff was charged with Knowingly Making a False Statement During an Official Investigation or For the Purpose of Harming Another Person — a Level Three disciplinary charge under 29.0 of the Texas Department of Criminal Justice, Correctional Institutions Division Disciplinary Rules and Procedures for Offenders, Attachment C, February 2015 Manual. Although offenders may not be punished under this section simply for filing a grievance or a lawsuit, *knowingly* filing false claims or grievance can subject an offender to disciplinary action.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

Plaintiff also claims that TDCJ officials failed to properly investigate the grievances he filed subsequent to receiving the disciplinary conviction and that TDCJ wrongfully failed to overturn the disciplinary conviction. Plaintiff has brought substantially similar claims in two previous lawsuits, both resulting in dismissal: *Neal v. Foley*, No. 2:17-CV-232-Z, 2021 WL 107208 (N.D. Tex. Jan. 12, 2021), *aff'd* No. 21-10143, 2022 WL 1699468 (5th Cir. May 26, 2022) (dismissed with prejudice for failure to state a claim and as duplicative); *Neal v. Andrews*, No. 2:17-CV-149-Z, 2020 WL 587819 (N.D. Tex. Feb. 6, 2020) (dismissed without prejudice for failure to state a claim and with prejudice as frivolous).

**ANALYSIS**

Plaintiff claims that he is the victim of retaliation. In order to assert a retaliation claim, an inmate must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McFaul v. Valenzuela*, 684 F.3d 564, 578 (5th Cir. 2012). A plaintiff must make a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). A plaintiff must either produce direct evidence of the defendant's motivation to retaliate or "allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs." *Williams v. Dretke*, 306 Fed. App'x 164, 167 (5th Cir. 2009). Courts must take a skeptical view of retaliation claims to avoid "embroiling themselves in every disciplinary act" imposed by prison officials. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Filing a grievance is a constitutionally protected activity, and a prison official may not

retaliate against an inmate of engaging in such protected activity. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The constitutional protection, however, is limited to the filing of *non-frivolous* complaints involving the assertion of legitimate constitutional rights. *Johnson*, 110 F.3d at 311. "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods*, 60 F.3d at 1166. Federal court "should not second guess" every decision made by prison officials in the exercise of their professional judgment. *Bell v. Wolfish*, 441 U.S. 520, 544 (1979).

Plaintiff enjoys no constitutional right to disobey legitimate prison rules — including the prohibition against filing false reports or possessing contraband — and prison officials may discipline Plaintiff for violations of those rules. Speech that is otherwise punishable does not become constitutionally protected merely because it appears in a grievance. *See Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004) (holding that an inmate had no constitutionally protected right to state unsubstantiated rumor — that a corrections officer was engaging in sexual misconduct — in a grievance, and could be disciplined for doing so).

Thus, the record includes a determination that Plaintiff's activity, which Plaintiff alleges is protected as the basis of his retaliation claim, was the filing of a *false* grievance. Accordingly, this activity was not protected. *See Johnson*, 110 F.3d at 311; *see also Barlow v. Dominguez*, 198 F.3d 244, 1999 WL 1045174, at *2 (6th Cir. Nov. 9, 1999) (affirming a trial court's decision to dismiss a plaintiff's retaliation claim based on a misconduct report, which was issued for filing a false grievance).

Plaintiff has not shown direct evidence of retaliation nor demonstrated a chronology from which retaliation may plausibly be inferred. Instead, he simply states he filed a grievance and

4

initiated an investigation about alleged sexual abuse and later received a "false" disciplinary case in "retaliation" for filing the original grievance. The mere fact of temporal proximity between the time Plaintiff filed his complaint about alleged sexual abuse and his later receipt of the disciplinary case does not itself amount to direct evidence of retaliation or a chronology from which retaliation may plausibly be inferred. *See Strong v. Univ. HealthCare Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007) (holding "temporal proximity is insufficient to prove 'but for' causation"). The Fifth Circuit also held that alleging "harassment of [the plaintiff] intensified after he started filing grievances" was insufficient to show retaliation. *Reese v. Skinner*, 322 Fed. Appx. 381 (5th Cir., April 21, 2009). The mere fact one incident precedes another is not proof of a causal connection because this is the logical fallacy of *post hoc ergo propter hoc* ("*after this, therefore because of this*"). *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) (noting that "the *post hoc ergo propter hoc* fallacy assumes causality from temporal sequence," which is a "false inference"); *Tampa Times Co. v. Nat'l Labor Relations Bd.*, 193 F.2d 582, 583 (5th Cir. 1952) ("*post hoc ergo propter hoc* is not sound logic").

Plaintiff's bare assertion the disciplinary cases were "falsified" is not sufficient to show that but for the alleged retaliatory motive, he would not have received the disciplinary case. *Decker v. Dunbar*, 633 F.Supp.2d 317, 324 (E.D. Tex. 2008), *aff'd* 358 Fed. Appx. 509 (5th Cir. 2009), cert. denied, 562 U.S. 848 (2010); *Johnson v. Fobbs*, 236 Fed. Appx. 115 (5th Cir. 2007) (conclusory allegations that a disciplinary case was "false" are insufficient to survive a motion for summary judgment).

Here, Plaintiff entirely fails to allege any chronology of events concerning these *named Defendants* to retaliate against him for the filing of a PREA investigate — either in his original Complaint and his Response to the Briefing Order Questionnaire. *See* ECF Nos. 3, 22. The official

responsible for investigating the PREA violation was not involved in the PREA act and Plaintiff alleges no prior interactions with this officer or any of the Defendants such that a chronology of events can be inferred to allege retaliatory motives by Defendants. Thus, Plaintiff has not stated a claim for retaliation.

To the extent that Plaintiff argues he should have had his disciplinary case overturned by Defendants, such claims are barred. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted ....' " *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

As to Plaintiff's argument that Defendants failed to adequately investigate his grievances, he is not entitled to an investigation into his complaints nor a favorable response to his administrative grievances. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Plaintiff's proposed

amended complaint to add Defendants that failed to overturn his disciplinary conviction for making a false statement and failed to investigate his grievances is futile, as these claims are not cognizable. As such, his claims for failure to overturn his disciplinary case and failure to investigate his grievances are frivolous.

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED** that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** without prejudice for failure to state a claim.

**SO ORDERED.**

June 26, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE